**Meylert Q. MARSHALL,
Plaintiff-Appellant,**

v.

**Donald A. CABANA, et al.,
Defendants–Appellees.**

**No. 86–4697.**

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1988.

1102

John G. Jones, Jackson, Miss., (court-appointed), for plaintiff-appellant.

Donald G. Barlow, Asst. Atty. Gen., Edwin Lloyd Pittman, Atty. Gen., Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

PER CURIAM:

Meylert Q. Marshall pled guilty to armed robbery. The court imposed a sentence of 25 years but suspended all except three years of the term of imprisonment and imposed a five-year term of probation. After Marshall had served his sentence while he was on probation he pled guilty to violating the terms of his probation. He was ordered to serve six additional years in prison. He now seeks habeas corpus relief on the ground that the sentencing judge had no authority to reduce the initial term to be served for armed robbery and place him on probation. He argues that he could not be guilty of the probation violation for which he is presently incarcerated because he was not properly on probation. The district court denied habeas corpus relief. We affirm.

By pleading guilty to armed robbery, Marshall placed his sentencing under the exclusive control of the judge before whom he pled. This limited the maximum sentence under Miss.Code Ann. § 97–3–79 to an indeterminate term of years of imprisonment not less than three. Miss.Code Ann. § 97–3–79 provides that only a jury may impose a life sentence for armed robbery. Where there is no trial to a jury, armed robbery is not, as Marshall argues, a crime for which a life sentence can be

imposed. The judge may sentence the defendant to "a definite term reasonably expected to be less than life." *Stewart v. State,* 372 So.2d 257, 259 (Miss.1979). Miss.Code Ann. § 47–7–33 allows a court to suspend the imposition of sentences except for offenses punishable by life in prison or death. Marshall contends that this section provides an exclusive procedure in that a suspension of sentence under its term cannot be combined with a requirement that any part of the same sentence be served.

■ Under the provisions of § 97–3–79, the judge who sentenced Marshall for armed robbery clearly had the authority to initially impose a term of imprisonment of twenty-five years. We further hold that under Mississippi law, the judge also had the authority to order only part of the sentence to be served and to suspend a part of that sentence under § 47–7–33. Although they have not directly ruled on the issue raised by Marshall, the trial and appellate courts of Mississippi have many times approved the imposition of such split sentences. *Fanning v. State,* 497 So.2d 70 (Miss.1986); *Campbell v. State,* 430 So.2d 851 (Miss.1983). The judge acted within his discretion when he modified Marshall's twenty-five year sentence to three years in prison followed by five years probation.

■ The Mississippi trial and appellate courts denied Marshall relief without opinion when he brought these same claims to them. We assume that Marshall has exhausted the issue presented here and that Mississippi applied the construction outlined above to the code sections involved. Consequently, pursuant to *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir.1985), our federal habeas corpus review does not allow us to second-guess the construction of Mississippi cases by Mississippi courts. We must therefore defer to the practical construction placed on § 47–7–33 by Mississippi courts which authorizes our application of this logical interpretation favoring judicial discretion in sentencing for armed robbery convictions based on guilty pleas.

■ Marshall also complains that he had inadequate counsel at his probation revocation proceedings because his appointed attorney did not challenge the split sentence for armed robbery as illegal. Under the reasoning set out above, counsel was not in error or any error committed by counsel did not prejudice Marshall. In either event, he has failed to show ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Marshall's claims cannot support federal habeas corpus relief.

The judgment appealed from is
AFFIRMED.