# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-CP-00009-COA

**WALTER DOMINIQUE FAIRLEY**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 11/29/2000 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | EDDIE H. BOWEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | PETITION FOR POST-CONVICTION RELIEF IS DENIED. |
| DISPOSITION: | AFFIRMED - 03/12/2002 |
| MOTION FOR REHEARING FILED: | 3/25/2002; denied 5/21/2002 |
| CERTIORARI FILED: | 6/6/2002; granted 9/5/2002 |
| MANDATE ISSUED: | |

BEFORE KING, P.J., THOMAS, AND MYERS, JJ.

MYERS, J., FOR THE COURT:

¶1. Walter Dominique Fairley pled guilty to armed robbery on July 22, 1997, and was sentenced to twelve years imprisonment with the Mississippi Department of Corrections. After two letters written to Judge Robert G. Evans and failed motions to vacate judgment and reconsider sentence, Fairley filed his post-conviction relief petition June 12, 2000, per the statute. Mississippi Code Annotated § 99-39-5(2) (Supp. 2001). He alleged that the judge and his attorney induced him to plead guilty by omitting the clarification that if Fairley did so his "plea would be self incriminating." He further alleges that the omission meant his plea was made unknowingly and involuntarily. The circuit court denied his petition for post-conviction relief. Fairley's notice of appeal was filed with the Circuit Court of Covington County on November 29, 2000.

¶2. According to the record and his guilty plea, he was properly advised by counsel and the court as to the repercussions of his plea, particularly his sentence. "By pleading guilty to armed robbery, [Fairley] placed his sentencing under the exclusive control of the judge before whom he pled." *Marshall v. Cabana*, 835 F. 2d 1101, 1102 (Miss. 1988). In his brief Fairley claims that he was under the influence of intoxicants during his plea hearing even though he testified under oath that he was not. He confirmed that he understood the

State's case and how they would prove it against him. He also confirmed that everything the State said was indeed true.

¶3. Both the judge and counsel informed him of the possible sentence. He told the court that he understood the effect of his plea and that he would be sentenced to a minimum of ten years but the State recommended twelve years in prison. The judge reiterated to Fairley that the State was offering a recommendation and that the court was not bound by that recommendation when imposing sentence. The judge then told him that "pleading guilty to armed robbery through the exhibition of a deadly weapon the first ten years of your sentence you'll have to serve without parole." Fairley told the judge that he understood.

¶4. Then the judge explored the possibility that Fairley had been induced to plead guilty because of a guarantee of mandatory time made by the sheriff. The court clarified that no one could guarantee what a judge or a jury might do. He then offered time for Fairley to confer with counsel in case Fairly wanted to vacate the plea. It was not taken as Fairley indicated that he had not been pressured to plead guilty. The court then cautiously proceeded through the litany of constitutional protections that Fairley would be waiving by entering this plea. Fairley stated that he understood all of them, including that his plea was admission to committing the crime. It is unclear what Fairley does not now understand about the plea he made as the record is painfully clear about the ramifications of this plea.

¶5. Fairly completed and signed a detailed plea agreement which contained all of the precautionary statements ordinarily coinciding with a guilty plea. We will not hold the circuit court in error for giving great weight and accepting the sworn statements of the defendant in the plea colloquy. *Holt v. State*, 650 So. 2d 1267, 1270 (Miss. 1994). After several readings of this record, we have not been able to uncover any inducement to plead guilty.

¶6. There is no support for his contention that his sentence is illegal in the form of affidavits or case law. He was sentenced within the limits set forth in the statute. Miss. Code Ann. § 97-3-79 (Supp. 2001). The imposition of sentence is within the discretion of the circuit court. It is subject only to statutory and constitutional limitations. The supreme court has stated that "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Lenox v. State*, 727 So. 2d 753, 760 (¶16) (Miss. Ct. App. 1998).

¶7. We hold that the denial of his petition for post-conviction relief is affirmed.

¶8. **THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.**

> **McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.**