**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2001-CT-00009-SCT**

*WALTER DOMINIQUE FAIRLEY*

*v.*

*STATE OF MISSISSIPPI*

**ON WRIT OF CERTIORARI**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/2000 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | EDDIE H. BOWEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 01/09/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Walter Dominique Fairley was indicted for armed robbery and possession of a firearm by a convicted felon in Covington County Circuit Court.  Fairley pled guilty to the armed robbery charge and received a sentence of twelve years.   Fairley subsequently filed a motion for post-conviction relief in the circuit court, alleging that his guilty plea was involuntary and that he had received ineffective assistance of counsel.  The motion for post-conviction relief was denied.  Fairley appealed, and his case was assigned to the Court of Appeals which affirmed the trial court. ***Fairley v. State***, 822 So. 2d 1015 (Miss. Ct. App. 2002).  This Court granted certiorari. ***Fairley v. State***, 828 So. 2d 200 (Miss. 2002) (table). We conclude that Fairley was mistakenly given erroneous information regarding parole and sentencing by the trial court

and is therefore, at a minimum, entitled to an evidentiary hearing to determine whether he relied upon the erroneous information in pleading guilty.

## FACTS

¶2.     Walter Dominique Fairley pled guilty to armed robbery in the Covington County Circuit Court on July 22, 1997, and was sentenced to twelve years imprisonment with the Mississippi Department of Corrections.  Fairley filed a Motion to Vacate Judgment in the circuit court on June 12, 2000, pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29 (2000 & Supp. 2002).  Fairley raised the following issues in his petition:  (1) that he was induced to enter the guilty plea because:  (a) the sheriff told Fairley that if he did not take the plea, where the State was recommending a twelve-year sentence, that Fairley would be found guilty and would receive at least twelve years; (b) Fairley's attorney told him that if he took the plea and received a twelve-year sentence, he would be eligible for parole after ten years; (2) Fairley's attorney was ineffective because (a) he gave Fairley the wrong information regarding parole; (b) he ignored a speedy trial violation; (c)  he gave Fairley incorrect sentencing information; and (3) Fairley was sentenced under the wrong statute.  The circuit court denied the Motion to Vacate Judgment by order dated November 29, 2000, apparently without an evidentiary hearing.

¶3.     Fairley then appealed to this Court, and the appeal was assigned to the Court of Appeals which affirmed, noting that the circuit court  had informed Fairley that he would have to serve the first ten years of his sentence without parole. *Fairley v. State*, 822 So. 2d at 1017.  This Court granted certiorari and now considers the following issues.

>   I.      **WHETHER THE COURT OF APPEALS ERRED IN FINDING THAT FAIRLEY'S GUILTY PLEA WAS KNOWING AND VOLUNTARY.**
>
>   II.     **WHETHER THE COURT OF APPEALS ERRED IN FINDING THAT FAIRLEY RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.**

## DISCUSSION

¶4.    Fairley raises the same arguments under both of these issues, most of which can be rebutted by review of the guilty plea transcript.  As for Fairley's argument that the sheriff made some kind of sentencing prediction or promise, the sentencing judge made it clear that no one could make such a guarantee and stopped the plea colloquy so Fairley could confer with his attorney.  As for a speedy trial claim, this was waived when Fairley pled guilty.  Fairley also makes some claim about being under the influence of drugs, but there is absolutely no evidence of this.

¶5.    Fairley's one potentially legitimate claim is that his guilty plea is involuntary because he alleges that he was incorrectly informed about the time he would have to serve without parole.  On direct appeal before the Court of Appeals, Fairley's primary argument was that his attorney had given him this incorrect information.  On certiorari, Fairley continues to make this claim, but also argues that the trial judge gave him incorrect information on parole as well.

¶6.    It is clear that the State's recommendation for Fairley's sentence was twelve years.  The robbery for which Fairley was being prosecuted occurred in July 1996.  Under Miss. Code Ann. § 47-7-3 (1)(d)(ii), Fairley was not eligible for parole and would have to serve the entire twelve years.  Considering the record before us, what Fairley's lawyer told him is not clear.  What is clear however, is that the circuit court informed Fairley three times during the plea hearing that he would not be eligible for parole until he had served ten years, which was correct for someone convicted before October 1994, but not correct for Fairley.  The circuit court further informed Fairley that he had nothing to do with parole, could make him no promises as to whether it might be granted, and he might have to serve the entire twelve-year sentence. The question is, does this incorrect information render Fairley's guilty plea involuntary?

¶7.    In *Shanks v. State*, 672 So.2d 1207 (Miss. 1996), this Court found that failure of the circuit court to inform Shanks that he would not be eligible for parole for the first ten years of his armed robbery sentence

3

did not render his guilty plea involuntary. In *Washington v. State*, 620 So.2d 966 (Miss. 1993), Washington pled guilty to armed robbery and aggravated assault, and received a sentence of twenty-five years for the armed robbery and ten years for the aggravated assault, to run concurrently. Washington subsequently filed for post-conviction relief, alleging that the circuit court had given him incorrect information concerning the minimum time he would have to serve, ten years, before being eligible for parole. This Court reversed the circuit court's dismissal of Washington's petition, stating:

> The issue is not whether Washington was sufficiently advised on his parole eligibility, but whether he was apprised of the mandatory sentence without parole consideration or the ability to accumulate "good time." Scrutiny of the record shows that Washington was given erroneous information; moreover, the State concedes that Washington was inaccurately advised on this matter.
>
> Washington should be given an opportunity to present his claims at an evidentiary hearing. At the hearing, the State will have an opportunity to raise its concerns on whether or not Washington actually relied on the possibility of parole as a condition before he entered into the guilty pleas.

*Washington*, 620 So.2d at 970.

¶8.     The rule arising from these cases is that failure to mention something concerning parole eligibility may be no problem, but erroneous information concerning parole and sentencing at least entitles the petitioner to an evidentiary hearing on whether he relied on the erroneous information. If there was an evidentiary hearing held on Fairley's Motion to Vacate Judgment it is not included in this appeal record. Accordingly, we hold that the Court of Appeals erred in affirming the circuit court's denial of Fairley's petition for post-conviction relief, and the judgments of the Court of Appeals and the circuit court should be reversed and this matter remanded for an evidentiary hearing.

## CONCLUSION

¶9.     Based upon the record before us Fairley was not afforded an evidentiary hearing to determine whether in pleading guilty, he, in fact, relied upon the erroneous information concerning parole and

4

sentencing. Our case law at a minimum, allows Fairley an evidentiary hearing. We therefore reverse the judgments of the Court of Appeals and the circuit court and remand with instructions to the trial court to afford Fairley his evidentiary hearing and then to rule on his motion.

¶10.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**