887 So.2d 184 (2004)
STATE of Mississippi, Appellant
v.
Tony HAYES, Appellee.
No. 2003-KA-00781-COA.
Court of Appeals of Mississippi.
August 24, 2004.
Rehearing Denied November 16, 2004.
James H. Powell, III, Durant, attorney for appellant.
Whitman D. Mounger, Greenwood, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
CHANDLER, J., for the Court.
¶ 1. This case arises from a March 3, 2003 sentencing order of the Humphreys County Circuit Court issued after Tony Hayes entered a guilty plea for the crimes of armed robbery and aggravated assault. The State's sole issue on appeal is whether the circuit court had the discretion to suspend *185 any part of Hayes's armed robbery sentence. Finding that the discretionary provisions of Mississippi Code Annotated Section 47-7-33 (Rev.2000) are applicable to a sentence imposed by a circuit judge for armed robbery pursuant to Mississippi Code Annotated Section 97-3-79 (Rev.2000), we affirm the order of the circuit court.

FACTS
¶ 2. Tony Hayes was indicted by a grand jury of the Humphreys County Circuit Court on one count of armed robbery and one count of aggravated assault on August 29, 2002. He was charged with a February 3, 2002 attack upon his grandmother, Cleotha Pitts. Hayes, who admitted hitting his grandmother on the head with a piece of metal after taking money from her purse, entered a plea of guilty on February 19, 2003.
¶ 3. A sentencing hearing was held on March 3, 2003. At the hearing, it was established that at the time of the robbery, Hayes was high on crack cocaine and looking for money to buy more drugs. For several months prior to the incident, fearing that he might cause harm to himself or someone else, Hayes unsuccessfully had sought help for his escalating drug problem. Subsequently, he went through a forty-eight-day in-patient drug treatment program at the Mississippi State Hospital, followed by a sixty-day secondary drug treatment program at Metro Counseling in Jackson.
¶ 4. After hearing testimony from Hayes's relatives and minister, as well as from two deputy sheriffs and a social worker who testified on his behalf, the circuit judge sentenced him on both counts concurrently to serve ten years in the custody of the Mississippi Department of Corrections, with credit given for the one year served in confinement prior to the entry of his guilty plea. She suspended the remaining nine years of his sentence, placing him on supervised probation for a period of three years. In addition to the terms and provisions of supervised probation imposed by the Mississippi Department of Corrections, the circuit judge required that Hayes receive additional in-patient treatment at a drug rehabilitation facility.
¶ 5. The State now contends that the sentence imposed by the circuit court is illegal, asserting that § 47-7-33 does not provide for the suspension of any part of a sentence for armed robbery imposed pursuant to § 97-3-79.

LAW AND ANALYSIS

I. WHETHER MISS. CODE ANN. § 47-7-33 ALLOWS THE SUSPENSION OF ANY PART OF A SENTENCE FOR ARMED ROBBERY IMPOSED PURSUANT TO MISS. CODE ANN. § 97-3-79
¶ 6. "The length of a sentence is within the discretion of the judge limited by statutory and constitutional provisions." Havard v. State, 800 So.2d 1193, 1201 (¶ 30)(Miss.Ct.App.2001); Jackson v. State, 551 So.2d 132, 149 (Miss.1989). The circuit court or county court further may suspend the execution of a felony sentence, entirely, or in part, and place the defendant on probation. Moore v. State, 585 So.2d 738, 740 (Miss.1991). Section 47-7-33 provides as follows for such judicial discretion and imposes certain limits thereon.
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in *186 vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.
Miss.Code Ann. § 47-7-33(1)(Rev.2000). Thus, by statute, the circuit court may suspend the sentence given and order the defendant to be placed on probation except where the defendant previously has been convicted of a felony or the maximum sentence which may be imposed is life imprisonment or the death penalty.
¶ 7. After entering his plea of guilty, the circuit court sentenced Hayes for armed robbery pursuant to § 97-3-79, which provides:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

Miss.Code Ann. § 97-3-79 (Rev.2000)(emphasis added). Hayes was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with nine years of that sentence suspended. He was given credit for one year served prior to entering his guilty plea. The circuit judge further placed Hayes on three years supervised probation, conditioned upon his compliance with the requirements of the Mississippi Department of Corrections as well as receipt of further in-patient drug rehabilitation.
¶ 8. This Court "`will not review the sentence, if it is within the limits prescribed by statute.'" Jones v. State, 669 So.2d 1383, 1393 (Miss.1995), quoting Green v. State, 631 So.2d 167, 176 (Miss.1994). The State contends that the sentence given does not conform with the statutory limits, asserting that the circuit judge was precluded from suspending any part of Hayes's sentence by the provision of § 47-7-33 which limits the exercise of judicial discretion when a life sentence may be imposed for the crime. Indeed, a person found guilty of armed robbery "shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury." Miss.Code Ann. § 97-3-79 (emphasis added). Hayes, however, was not found guilty and sentenced by a jury; he was sentenced by the circuit judge after entering a plea of guilty.
¶ 9. Hayes relies on the language of § 97-3-79 which, he correctly asserts, sets forth a distinction between a sentence which may be imposed by a jury and one which may be set by the circuit court. As the Mississippi Supreme Court noted in Jones,"[t]he statute on armed robbery provides that the defendant can be sentenced to life by the jury. Where the jury *187 does not sentence the defendant to life ..., the judge `shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.'" Jones, 669 So.2d at 1393 (quoting Miss.Code Ann. § 97-3-79 (Rev.2000) (emphasis in original)).
¶ 10. In Marshall v. Cabana, 835 F.2d 1101 (5th Cir.1988), the Fifth Circuit addressed the interplay between §§ 47-7-33 and 97-3-79 in the context of a habeas petitioner who asserted that he could not be incarcerated for a probation violation when, he alleged, he was not properly on probation. As the court pointed out, "[b]y pleading guilty to armed robbery, Marshall placed his sentencing under the exclusive control of the judge before whom he pled." Marshall, 835 F.2d at 1102. Thus, where there is no jury trial, armed robbery is not a crime for which a life sentence may be imposed under § 97-3-79. Id. at 1102-03. By statute, the judge is limited to sentencing the defendant to "`a definite term reasonably expected to be less than life.'" Id. at 1103, quoting Stewart v. State, 372 So.2d 257, 259 (Miss.1979). Accordingly, the Fifth Circuit found that the circuit court properly had sentenced Marshall to a term of imprisonment of twenty-five years under the provisions of § 97-3-79 and further, that he acted within his discretion in suspending part of that sentence under § 47-7-33. Marshall, 835 F.2d at 1103.
¶ 11. There is no merit to the State's assignment of error. Hayes's assertion that the circuit judge properly exercised her discretion in suspending part of his sentence pursuant to §§ 47-7-33 and 97-3-79 is well-supported by case law. Section 97-3-79 does not provide for a maximum sentence of life for armed robbery when the sentence is imposed by a judge rather than a jury. Thus, the circuit judge had the statutory authority, pursuant to § 47-7-33, to suspend any part of Hayes's sentence to the extent that "the ends of justice and the best interest of the public, as well as the defendant, will be served thereby." Miss.Code Ann. § 47-7-33 (Rev.2000). Hayes had no prior felony convictions. He had an acknowledged drug problem, but had sought and obtained treatment, and the circuit judge's sentencing order required that he receive further rehabilitation as a condition of his supervised probation. Testimony presented at the sentencing hearing by Hayes's family, his minister, a social worker and local law enforcement officials all supported the exercise of the circuit court's discretion as serving the ends of justice and the best interests of Hayes and the public. Accordingly, we affirm the decision of the circuit court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTYIS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
KING, C.J., BRIDGES, P.J., LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J. BARNES, J., NOT PARTICIPATING.
IRVING, J., concurring:
¶ 13. I agree with the majority that the circuit judge had the authority to suspend a portion of Hayes's sentence for armed robbery. However, I believe the rationale offered by the majority should be expanded. This separate writing is an attempt to do that.
¶ 14. The resolution of the issue before us depends upon a proper interpretation of the interplay between two statutes: Mississippi Code Annotated section 97-3-79 *188 (Rev.2000) and Mississippi Code Annotated section 47-7-33(1) (Rev.2000).
¶ 15. Mississippi Code Annotated section 97-3-79 (Rev.2000) provides:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three years. (emphasis added).
Mississippi Code Annotated section 47-7-33(1) (Rev.2000) provides in pertinent part:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. (emphasis added).
¶ 16. Section 97-3-79 requires that the sentence for armed robbery be less than life in only one instance and that is when the jury fails to fix the penalty at imprisonment for life in the state penitentiary. By the language employed in the statute, did the legislature intend that in all armed robbery cases, the defendant should at least be exposed to a possible life sentence? Or, did the legislature intend to place in the defendant's hands, by his choice to plead guilty, an absolute right to avoid exposure to a life sentence? In my judgment, these are questions that must be pondered. Coupled with these questions is another question which, in my judgment, is overarching. And that question is, whether a jury has "failed to fix the penalty at life in the penitentiary" when, in the case of a plea of guilty, the jury has not even had the opportunity to consider the penalty.
¶ 17. The term "fails" means "to fall short, to decline, to abandon, to forsake, to omit to perform, to leave something undone, or to neglect." THE AMERICAN HERITAGE COLLEGE DICTIONARY 490 (3rd ed.1997). Clearly, the legislature, by use of the word "fail" in the statute, contemplated that the jury would have an opportunity to pass upon the sentence because, based on the definition of the word "fail," a jury cannot fail to do anything that it has not had an opportunity to consider. In armed robbery cases where a defendant pleads guilty, the jury is denied the opportunity to consider the appropriate sentence. Therefore, in such cases, the jury has not failed to fix the sentence at life in the penitentiary; rather, the jury has been denied the opportunity to consider fixing the sentence at life in the penitentiary. Consequently, it seems to be at least debatable, then, based on a literal reading of the statute, whether a trial judge has the *189 authority to sentence a defendant in an armed robbery case where a guilty plea has been entered because, in that instance, a jury has not failed to fix the sentence.
¶ 18. If the jury's failure to fix the penalty at life imprisonment is a prerequisite to the trial judge's authority to impose a sentence of less than life, it seems to me that a tenable argument could be made that, in armed robbery cases where the defendant pleads guilty, the trial judge should first submit the case to a jury for its consideration of the appropriate sentence, and only after a jury has failed to fix the sentence at life in the penitentiary is a judge then allowed to sentence the defendant. While, the question of whether a judge has the authority to impose a sentence in an armed robbery case pursuant to a plea of guilty, without prior consideration of the sentence by a jury, may be debatable, it is not debatable that in such a case the jury has not failed to fix the sentence at life imprisonment.[1]
¶ 19. Having determined that an armed robbery case, where a defendant is sentenced by the circuit court as a result of his guilty plea, is not a case where the jury has failed to fix the sentence at life in the penitentiary, I now turn to consideration of the other statute, section 47-7-33(1). As noted earlier, section 47-7-33(1) empowers circuit and county judges, after a defendant's conviction, to place the defendant on probation, except in cases where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof.
¶ 20. Without a doubt, armed robbery is a case, generically speaking, where life imprisonment is the maximum penalty which may be imposed. The question then becomes does a plea of guilty to a charge of armed robbery transform an armed robbery case, generally, from being one in which life imprisonment is the maximum penalty which may be imposed or does the plea of guilty simply prevent the imposition of a sentence of life imprisonment in the specific case before the court. Additionally, I may ask, did the legislature, in enacting section 47-7-33(1), intend to identify broad categories of cases in which a suspended sentence would not be allowed. Or, did the legislature intend to address specific cases in which the penalty for the broad category of cases, to which the specific case belongs, could be manipulated by circumstances unrelated to the nature of the case or the crime itself? For example, when one pleads guilty to armed robbery, he is pleading guilty to a broad category crime where life imprisonment is the maximum penalty which may be imposed. It is the circumstance of how the conviction was obtained, rather than the classification of the crime, which precludes consideration of the imposition of a sentence of life imprisonment.
¶ 21. I have raised relevant questions without providing appropriate answers. That is because, in my judgment, a proper construction of the statutes provides no definitive answers. Hence, I am not sure what the legislature intended, but it seems to me that it must have contemplated that there would be guilty pleas in armed robbery cases. That being the case, it further seems plausible to me that the legislature would have realized the inherent incongruousness of the sentencing scheme as it relates to a sentence handed down following *190 a conviction by a jury and a sentence handed down following a conviction pursuant to a plea of guilty.
¶ 22. Since we are dealing with a criminal statute, and criminal statutes are to be strictly construed, I give to the defendant the benefit of the paradox which is created by a strict construction of section 47-7-33(1) to cases of armed robbery where the defendant pleads guilty. A fair and common sense reading of section 47-7-33(1), as it applies to armed robbery cases where the defendant pleads guilty, is that the prohibition on suspending the sentence in cases where life imprisonment is the maximum penalty which may be imposed, does not apply.
¶ 23. For the reasons expressed, I concur with the majority that the circuit judge possessed the power to suspend a portion of Hayes's sentence for armed robbery.
BRIDGES, P.J., JOINS THIS SEPARATE WRITTEN OPINION.
NOTES
[1] It is also not debatable that requiring a jury to first pass on the sentence in cases where a plea of guilty has been offered would discourage guilty pleas and would be practicably unworkable.