965 So.2d 693 (2007)
Joseph Leon JACKSON, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01580-COA.
Court of Appeals of Mississippi.
January 2, 2007.
Rehearing Denied April 24, 2007.
*694 Ihotep Alkebu-Lan, Chokwe Lumumba, Jackson, attorneys for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. Joseph Leon Jackson, Jr. pled guilty to armed robbery on October 17, 2001. A jury was empaneled and returned a recommended sentence of life imprisonment for Jackson in the custody of the Mississippi Department of Corrections. Jackson appealed the judgment to the Mississippi Supreme Court where it was assigned to the Court of Appeals. The Court of Appeals dismissed the case on September 9, 2003, finding that Jackson improperly attempted to appeal a sentence. The Mississippi Supreme Court further denied Jackson's writ of certiorari on July 29, 2004.
¶ 2. Jackson then filed a petition for post-conviction relief (PCR), which was denied by the trial court on July 29, 2005. The court found that Jackson was procedurally barred from bringing his claim pursuant to Mississippi Code Annotated Section 99-39-5(2) (Supp.2006). Aggrieved, Jackson seeks post-conviction relief from this Court, arguing the following:
I. WHETHER THE TRIAL COURT ERRED BY HOLDING THAT JACKSON'S PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED.
II. WHETHER THE TRIAL COURT ERRED BY RULING THAT JACKSON'S CLAIM FAILED ON THE MERITS.

FACTS
¶ 3. On July 14, 2001, Leon Jackson, along with two others, robbed the Piggly Wiggly in Winona, Mississippi at gunpoint. The group stole over $1,000 in cash. During the robbery, Jackson shot and wounded a Piggly Wiggly employee. Jackson was arrested and charged with armed robbery and aggravated assault. Jackson pled guilty to both charges, thereby waiving his right to a trial by jury. The court found that Jackson's guilty pleas were made voluntarily, freely and knowingly, and accepted the pleas.
*695 ¶ 4. A jury was empaneled to determine Jackson's sentence on October 18, 2001. The jury returned a verdict, sentencing Jackson to life imprisonment in the custody of the Mississippi Department of Corrections. After filing an appeal which was dismissed, Jackson filed a PCR petition in the Circuit Court of Montgomery County on July 19, 2005. The trial court denied Jackson's petition, finding that the claims were time-barred by the three year statute of limitations and that the claims also did not meet any of the exceptions listed under the statute. Miss.Code Ann. § 99-39-5(2). The trial court further considered the merits of Jackson's claim, finding that Jackson's sentence was indeed proper and that he was not denied effective assistance of counsel.

STANDARD OF REVIEW
¶ 5. This Court will not disturb the trial court's findings for post-conviction relief unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, if questions of law are raised, then the applicable standard of review is de novo. Id.

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY HOLDING THAT JACKSON'S PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED.
¶ 6. The trial court denied Jackson's PCR, stating that it was time-barred. Jackson pled guilty to the charge of aggravated assault and armed robbery. For guilty pleas, section 99-39-5(2) of the Mississippi Code Annotated provides in pertinent part that a motion for post-conviction relief shall be made within three years from the judgment of conviction or sentence, unless an exception applies:
Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
¶ 7. This Court denied Jackson's appeal on September 9, 2003, stating that Jackson was not entitled to a direct appeal of his sentence. The Mississippi Supreme Court also denied Jackson's subsequent writ of certiorari. Since no direct appeal was ever considered by this Court or our supreme court, the statute of limitations did not toll upon the date Jackson's appeal was dismissed. Rather, Jackson was required per statute to file his PCR within three years from October 19, 2001, the date of his conviction. Miss.Code Ann. § 99-39-5(2). Jackson, through counsel, did not file his PCR until July 19, 2005, nine months after the deadline. Therefore, Jackson is time-barred from bringing this post-conviction relief claim.
II. WHETHER THE TRIAL COURT ERRED BY RULING THAT JACKSON'S CLAIM FAILED ON THE MERITS.
¶ 8. Notwithstanding the procedural bar, we will discuss the merits of Jackson's case. This Court may review a time-barred claim if fundamental rights are at stake. Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999). Jackson claims that his sentence is illegal because the determination of a sentence length is within the *696 exclusive domain of the trial judge once a defendant pleads guilty.
¶ 9. Jackson relies on State v. Hayes, 887 So.2d 184, 186(¶ 9) (Miss.2004), by stating that no life sentence may be imposed for armed robbery if the defendant was not subject to a jury trial. Id. Mississippi Code Annotated Section 97-3-79 (Rev.2006) states in pertinent part that in cases for armed robbery, "[W]here the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years."
¶ 10. Jackson argues that once he pled guilty to armed robbery, his sentence was within the exclusive control of the judge, who could not have imposed a life sentence. Marshall v. Cabana, 835 F.2d 1101, 1102-03 (5th Cir.1988). The case before us is distinguishable from both Marshall and Hayes because, unlike those cases, a jury was empaneled to determine Jackson's sentence. Jackson knowingly, voluntarily and intelligently waived his right to have a jury consider his guilt or innocence when he pled guilty. The State was unwilling to offer Jackson a plea bargain or make a sentence recommendation to the judge. Thus, a jury was empaneled to determine the length of Jackson's sentence.
¶ 11. Moreover, the record shows that the court informed Jackson in detail about the sentencing procedure. The court stated that a jury could return a life sentence for Jackson, pursuant to the armed robbery statute. Jackson responded that he understood that issue, and he failed to object at trial to a jury assessing his penalty. Upon hearing proof of Jackson's guilt, the jury recommended a life sentence, which the judge imposed.
¶ 12. Jackson also argues that he was denied effective assistance of counsel because his attorney allowed the jury to assess the punishment. We find this argument to be without merit because the record clearly shows that the court informed Jackson of the sentencing procedure, and Jackson never objected to that procedure at trial. Since the trial court properly followed the standard set forth by the statute, Jackson fails to show that his counsel was deficient by not objecting to a procedure that was acceptable, or that he was prejudiced in any way. Therefore, we find no error in the lower court's decision, and affirm the denial of Jackson's PCR.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.