# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CT-02036-SCT

*RONNIE LYNN CHANCY*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/20/2004 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DAVID BYRD CLARK |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/21/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In 1995, in the Circuit Court of Rankin County, Ronnie Lynn Chancy pled guilty to two counts of armed robbery, and he was sentenced to thirty-one years in the custody of the Mississippi Department of Corrections.   In 2004, he filed a pleading under the Mississippi Uniform Post-Conviction Collateral Relief Act which the circuit court dismissed as being time

barred.[1]   Chancy's appeal from the order of dismissal was assigned to the Mississippi Court of Appeals, which unanimously affirmed the circuit court's order. *See **Chancy v. State***, 2005 Miss. App. LEXIS 920 (Miss. Ct. App. 2005).  We agree with the Court of Appeals' affirmance of the dismissal of Chancy's post-conviction relief petition, but find that the Court of Appeals erred when it found that the newly discovered evidence exception of the PCR statute of limitations did not apply to petitioners who pled guilty.

## DISCUSSION

¶2.   Chancy claims that his guilty plea was involuntarily entered due to ineffective assistance of counsel.  He presents the affidavits of his mother and his sister which aver that Chancy's counsel informed his mother that, if he pled guilty, Chancy would be sentenced to 10 years' imprisonment.  Chancy alleges that he entered the guilty plea based on the expectation of being sentenced to 10 years, but, instead, he was sentenced to 31 years' imprisonment.

¶3.   The State argued, and the circuit court and the Court of Appeals agreed, that Chancy's PCR petition was not timely filed.  Chancy pled guilty in 1995 and the petition was filed in 2004.  However, Chancy responds that his mother did not inform him of her conversation with his counsel in which she was apprised of the plea agreement until 2001, the first time his mother came to visit him.  He contends that his mother's information is newly discovered evidence and that his PCR petition was timely filed.

---

[1]Under Miss. Code Ann. § 99-39-5(2) (Supp. 2006), Chancy had three years from the entry of the judgment of conviction based on his guilty plea to file a motion seeking relief under the Mississippi Uniform Post-Conviction Collateral Relief Act.

2

¶4. The Court of Appeals specifically held that "[n]ewly discovered evidence is relevant only in situations where a defendant went to trial and was convicted." *Chancy*, 2005 Miss. App. LEXIS 920 at *5. We disagree. In *Bell v. State*, 759 So. 2d 1111 (Miss. 1999), we granted an evidentiary hearing on the basis of newly discovered evidence even though Bell, who had pled guilty, had not timely filed his PCR petition. The Court of Appeals itself also recognized the newly discovered evidence exception in the context of guilty pleas in the following cases: *Gaston v. State*, 922 So. 2d 841 (Miss. Ct. App. 2006); *Sykes v. State*, 919 So. 2d 1064 (Miss. Ct. App. 2005); *Garlotte v. State*, 915 So. 2d 460 (Miss. Ct. App. 2005); *Freshwater v. State*, 914 So. 2d 328 (Miss. Ct. App. 2005); *McGriggs v. State*, 877 So. 2d 447 (Miss. Ct. App. 2003); *Donnelly v. State*, 841 So. 2d 207 (Miss. Ct. App. 2003); *Wright v. State*, 821 So. 2d 141 (Miss. Ct. App. 2000).

¶5. We find, however, that the exception does not apply to Chancy's petition because the information contained in the affidavits is not newly discovered evidence. In his sworn petition for post-conviction relief, Chancy admits that he knew about the alleged plea agreement in 1995 when he pled guilty. Furthermore, his allegations of an involuntary guilty plea are contradicted by the sworn statement he made in the petition to enter a guilty plea: that the guilty plea was knowingly and voluntarily made, that no promises regarding a sentence had been made, and that he understood that he could be sentenced to life. The petition also stated in pertinent part:

> I also have been told by my lawyer that any sentence I may
> receive is up to the court, that the court is not required to carry

3

out any understanding made by me and my attorney with the District Attorney; I understand that the court is not required to follow the recommendation of the District Attorney, if any. . . . I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND COUNSEL HE HAS GIVEN ME. I recognize that if I have been told by my lawyer that I might receive . . . a light sentence, this representation is merely his opinion and that it is not binding the court or the District Attorney.

(emphasis in original). We therefore find no exception to the bar of the three-year statute of limitations. *See, e.g., Felder v. State*, 876 So. 2d 372, 373 (Miss. 2004).

## CONCLUSION

¶6. For these reasons, we affirm the judgment of the Court of Appeals and the judgment of the Circuit Court of Rankin County dismissing Chancy's petition for post-conviction collateral relief.

¶7. **AFFIRMED.**

**SMITH, C.J., COBB, P.J., DIAZ, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., CONCUR IN RESULT ONLY.**