910 So.2d 649 (2005)
Bobby FAIR, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00169-COA.
Court of Appeals of Mississippi.
March 1, 2005.
Bobby Fair, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Bobby Fair pleaded guilty to two counts of burglary of a building. More than four years after he entered this plea, he filed a motion for post-conviction relief, alleging that his indictment was defective and that his guilty plea was involuntary. The Lee County Circuit Court dismissed *650 his claims as time-barred. Fair appeals, raising the following issues:
I. WHETHER THE INDICTMENT WAS VALID
II. WHETHER THE GUILTY PLEA WAS VOLUNTARY
III. WHETHER THE DEFENDANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Bobby Fair was indicted as a habitual offender for two counts of burglary of a dwelling. Miss.Code Ann. § 97-17-23 (Rev.2000). As part of its plea bargain agreement, the State amended its charge and charged Fair with the lesser offense of burglary of a building. Miss.Code Ann. § 97-17-33 (Rev.2000). In addition, the State agreed that it would not charge Fair with possession of a weapon by a felon. Miss.Code Ann. § 97-37-5 (Rev.2000). On August 23, 1999, Fair entered guilty pleas to two counts of burglary of a building as a habitual offender. Miss.Code Ann. § 99-19-81 (Rev.2000). Fair was sentenced to serve two seven year terms, to run consecutively, and with no possibility of parole.
¶ 4. On October 28, 2003, more than four years after entering his guilty plea, Fair filed a motion for post-conviction relief. He claimed that his indictment was defective and that his guilty plea was involuntary. On appeal, in addition to these two complaints, he argues that he received ineffective assistance of counsel.

ANALYSIS
I. WHETHER THE INDICTMENT WAS VALID
II. WHETHER THE GUILTY PLEA WAS VOLUNTARY
III. WHETHER THE DEFENDANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 5. Most motions for post-conviction relief are subject to a three-year time bar. Mississippi Code Annotated Section 99-39-5(2) (Supp.2004) identifies the time limitations that apply to post-conviction relief motions. It states:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
¶ 6. The circuit court judge applied Mississippi Code Annotated Section 99-39-5(2). He denied post-conviction relief, because he found no claims that would have *651 excepted Fair's claims from the three-year statute of limitations. This application of the law was correct. Claims involving the entry of a defendant's guilty plea, claims alleging ineffective assistance of counsel and claims alleging deficiencies in an indictment are subject to the three-year time bar. See Hires v. State, 882 So.2d 225, 228-29(¶ 10)(Miss.2004); Kirk v. State, 798 So.2d 345(¶ 6) (Miss.2000); Strickland v. State, 698 So.2d 1089, 1092(¶ 9) (Miss. 1997).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.