CHANDLER, J.,
for the Court.
¶ 1. Larry Adams appeals from the denial of his motion for post-conviction relief (PCR) by the Circuit Court of Bolivar County. Adams argues that his guilty plea was involuntary, that he received ineffective assistance of counsel, that his sentence was illegal, that his indictment was defective, and that he was entitled to an evidentiary hearing in order to further develop these claims. Having carefully reviewed Adams’s PCR, we find these issues to be without merit. Therefore, we affirm the denial of post-conviction relief.
FACTS
¶ 2. On March 18, 1997, Adams was indicted in a two-count indictment for aggravated assault and armed robbery. Adams pled guilty to both counts at a plea hearing in the Circuit Court of Bolivar County on April 16, 1997. The court accepted Adams’s plea and announced a sentence of twelve years on each count to run concurrently. After the announcement of sentence, the court granted Adams’s request for additional time to wrap up his affairs. The court ordered Adams to report for sentencing in thirty days until which time Adams was to remain at liberty subject to his bail bond. The court ordered Adams to surrender to the Sheriff of Bolivar County at 10:00 a.m. on May 16, 1997. The court reserved the right to reconsider and change Adams’s sentence if Adams failed to report at the time and place ordered. Then, the court asked Adams if he understood. Adams responded affirmatively and stated, “I’ll be there. I don’t need no more time.”
¶ 3. Adams failed to appear. In 1999, he was apprehended in Kansas and extradited to Mississippi. On February 1, 2000, Adams again appeared before the Circuit Court of Bolivar County for a sentencing hearing. Prior to the imposition of sentence, Adams moved to withdraw his guilty plea on the ground that the plea was involuntary. The court denied the motion. The court sentenced Adams to twenty years on each count to run concurrently.
¶ 4. On June 7, 2003, Adams filed a motion for post-conviction relief which was denied by the court on December 10, 2004. Adams appeals. For clarity, we have restated his appellate issues.
STANDARD OF REVIEW
¶ 5. When reviewing the lower court’s denial of a motion for post-conviction relief, this Court will not disturb the lower court’s fact-findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). When questions of law are raised, our standard of review is de novo. Id.
LAW AND ANALYSIS
I. THE PROCEDURAL POSTURE OF ADAMS’S PCR.
¶ 6. Of necessity we first address the procedural posture of this PCR appeal. Adams’s PCR purported to collaterally attack both his conviction for aggravated *1053 assault and his conviction for armed robbery. Mississippi Code Annotated section 99-39-9(2) (Supp.2006) provides that “a motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” The record shows that Adams’s convictions of aggravated assault and armed robbery with concurrent twenty year sentencés are contained within two separate judgments of conviction, both entered on February 4, 2000. Adams’s PCR could attack only one of those judgments. Miss.Code Ann. § 99-39-9(2). This Court is without guidance from Adams as to which of the two convictions Adams would select for collateral attack. The lower court gave Adams identical sentences for both convictions. However, Adams’s armed robbery conviction was without the possibility of parole, trusty time, or earned time and, therefore, was the more onerous of the two convictions. Miss.Code Ann. § 47-7-3(l)(d)(ii) (Supp.2006); § 47-5-138.1(2)(d) (Rev.2004); § 47-5-139(l)(e) (Rev.2004); see Wells v. State, 936 So.2d 479, 480(¶ 5) (Miss.Ct.App.2006). Therefore, we find that Adams’s PCR was limited to the assertion of relief against his judgment of conviction of Count II, armed robbery. See Garner v. State, 928 So.2d 911, 913(¶ 5) (Miss.Ct.App.2006).
¶ 7. The next procedural issue pertains to the timing of Adams’s PCR. Adams bears the burden of demonstrating that the claims in his PCR are not procedurally barred. Jackson v. State, 860 So.2d 653, 661(¶ 16) (Miss.2003). A motion for post-conviction relief from a judgment of conviction entered pursuant to a guilty plea must be made within three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2006). The trial court entered the judgment of conviction on February 4, 2000. Adams did not file his PCR until June 7, 2003. Therefore, Adams’s PCR was time-barred. Miss.Code Ann. § 99-39-5(2). Adams’s allegations of ineffective assistance of counsel, involuntary plea, and defective indictment are all subject to the three-year time limitation. Fair v. State, 910 So.2d 649, 651 (¶ 6) (Miss:Ct.App.2005).
¶ 8. Adams contends that his PCR should be excepted from the time bar because it raised newly discovered evidence and a meritorious claim of actual innocence. At Adams’s February 1, 2000 sentencing hearing, Adams moved to withdraw his guilty plea. In support of the motion, Adams’s counsel, who had represented Adams when he entered the guilty plea, informed the court that he had advised Adams to plead guilty. Counsel stated that, since Adams’s return from Kansas, counsel had become aware of a witness who would have been favorable to Adams had he gone to trial. Counsel stated that, had he been aware of the favorable witness at the time of the trial, his “advice to Adams would have been very different.” While Adams has attached several witness affidavits to his PCR, Adams has not identified the favorable witness or provided the substance of what the favorable witness’s testimony might have been. The witness affidavits were made in the years 2003 and 2004. Considered together, the affidavits evince conflicts between the witnesses as to Adams’s culpability in the aggravated assault and armed robbery.
¶ 9. Adams contends that counsel’s belated discovery of the favorable witness was newly discovered evidence that showed his guilty plea was involuntary and that he received ineffective assistance of counsel. Section 99-39-5(2) provides an exception to the time bar for
*1054 those cases in which the prisoner can demonstrate ... that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
The supreme court has held that the newly discovered evidence exception is applicable to petitioners who pled guilty. Chancy v. State, 938 So.2d 251, 252(¶ 1) (Miss.2006). In Chancy, the petitioner contended his PCR should be excepted from the time bar due to newly discovered evidence that showed his guilty plea was involuntary and that he received ineffective assistance of counsel. Id. at 252(¶ 2). Chancy averred that affidavits of his mother and sister made after his guilty plea proved his counsel had promised him that he would only get ten years if he pled guilty. Id. The court rejected Chancy’s characterization of the affidavits as newly discovered evidence, noting that Chancy had admitted in his PCR that, at the time of his plea, he was aware of the alleged plea agreement. Id. at 253(¶ 5). The court further observed that, at the time Chancy entered the guilty plea, he swore that his guilty plea was knowingly and voluntarily made. Id.
¶ 10. Though Adams was unaware of the favorable witness at the time he entered his guilty plea, according to Adams’s PCR, he learned of the favorable witness at least as early as the February 1, 2000 hearing. Adams’s time for instigating a collateral attack of his conviction began running on February 4, 2000. Miss.Code Ann. § 99-39-5(2). Adams had three years with full knowledge of the favorable witness in which to move for post-conviction relief, yet he did not do so. Therefore, we find that Adams’s PCR is not excepted from the time bar on the basis of newly discovered evidence. We otherwise express no opinion on the merits of Adams’s newly discovered evidence claim.
¶ 11. Adams further contends that counsel’s argument about the existence of a favorable witness and the witness affidavits attached to his PCR establish his actual innocence and except the claims in his PCR from the time bar. A post-conviction relief petitioner’s contention that his actual innocence excepted his claim from the procedural bar was rejected in Howard v. State, 945 So.2d 326, 369(¶ 95) (Miss.2006). In Howard, the petitioner relied upon federal case law concerning the actual innocence exception to the procedural bar in successive, abusive, or defaulted habeas claims. Id. The supreme court held that, even if federal habeas case law on actual innocence applied to Howard’s PCR, Howard had failed to prove his actual innocence. Id.
¶ 12. Similarly in this case, even if the federal standard applied, Adams has failed to meet the requirement of a demonstration that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Trotter v. State, 907 So.2d 397, 401(¶12) (Miss.Ct. App.2005) (quoting Bousley v. U.S., 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Adams pled guilty to the aggravated assault of Eddie Craig with a pistol and to the armed robbery of Craig. Of the witness affidavits which Adams has attached to his PCR, one affidavit states that the affiant saw Craig attack Adams just before Adams shot him. One affidavit states that Craig told the affiant that Adams had robbed Craig after shooting him. Another affidavit states that the affi-ant saw the shooting and that Adams did not rob Craig. These conflicting affidavits fall far short of demonstrating that it is more likely than not that no reasonable juror would have convicted Adams of *1055 armed robbery in light of all the evidence. Adams’s argument is without merit.
II. WHETHER ADAMS RECEIVED AN ILLEGAL SENTENCE THAT VIOLATED HIS FUNDAMENTAL RIGHTS.
¶ 13. At Adams’s plea hearing, the trial court announced a sentence of twelve years but reserved the right to change the sentence if Adams failed to report as ordered. Adams failed to report, and at the February 2000 hearing the court imposed a twenty-year sentence. Adams argues that the court lacked the authority to impose a greater sentence than what had been announced at the guilty plea hearing. Adams contends that the twenty-year sentence was an illegal sentence that violated his fundamental rights, excepting this issue from the procedural bar. “Errors affecting fundamental rights may be excepted from procedural bars which would otherwise prohibit their consideration.” Bevill v. State, 669 So.2d 14, 17 (Miss.1996). The right to a legal sentence is a fundamental right, the violation of which excepts the petitioner’s claim from the procedural bars. Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999).
¶ 14. However, Adams’s twenty-year sentence was not illegal because the circuit court possessed the authority to suspend the imposition of sentence. Mississippi Code Annotated section 47-7-33 (Rev.2004) authorizes a circuit court to “suspend the imposition or execution of sentence, and place the defendant on probation .... ” Construing the same language in a former version of section 47-7-33 in Leonard v. State, 271 So.2d 445, 447 (Miss.1973), the supreme court held that “once a circuit court ... exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence.” However, when the court has not imposed a definite sentence but has exercised its option to suspend the imposition of sentence, the court can impose any sentence which might have been imposed at the time of conviction. Id.
¶ 15. The court did not impose a definite sentence at Adams’s guilty plea hearing. By announcing that the sentence would be twelve years if Adams reported to the sheriff after thirty days but if he did not report the court could impose a different sentence, the court suspended the imposition of sentence until Adams either (1) reported as ordered, or (2) failed to report and again appeared before the court. This the court was permitted to do pursuant to section 47-7-33.[1] Accordingly, when Adams failed to report and then appeared before the court on February 1, 2000, the court imposed a sentence of twenty years for armed robbery. The twenty-year sentence was one that could have been imposed at the time Adams pled guilty. Miss.Code Ann. § 97-3-77 (Rev.2006). Adams did not receive an illegal sentence and his PCR is time-barred.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING, C.J., MYERS, P.J. AND ISHEE, J., CONCUR. LEE, P.J., IRVING AND CARLTON, JJ., CONCUR *1056 IN RESULT ONLY. GRIFFIS AND BARNES, JJ., CONCUR IN PART AND IN THE RESULT. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, P.J., GRIFFIS, BARNES AND CARLTON, JJ.

. Because Adams’s conviction for armed robbery was pursuant to a guilty plea, life was not an available sentence and the trial court possessed the authority to suspend the imposition or execution of Adams’s armed robbery sentence pursuant to § 47-7-33. State v. Hayes, 887 So.2d 184, 187 (¶¶ 10-11) (Miss.Ct.App.2004) (citing Marshall v. Cabana, 835 F.2d 1101, 1102-03 (5th Cir.1988)).