IRVING, P.J.,
for the Court:
¶ 1. On February 19, 2008, Jimmy Tray-lor pleaded guilty to culpable-negligence manslaughter and felonious child abuse. Following his plea, the Lee County Circuit Court sentenced Traylor to twenty years for the culpable-negligence-manslaughter charge and forty years for the felonious-child-abuse charge, with five years of post-release supervision, to be served concurrently in the custody of the Mississippi Department of Corrections. On March 10, 2010, Traylor filed a motion for post-conviction relief (PCR), which the circuit court denied. Feeling aggrieved, Traylor appeals and argues that he was subjected to double jeopardy and that he received ineffective assistance of counsel.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. On July 20, 2007, a Lee County grand jury indicted Traylor for depraved-heart murder. Pursuant to a plea agreement, the circuit court granted the State’s motion to reduce the charge from depraved-heart murder to culpable-negligence manslaughter. On February 19, 2008, Traylor was charged, by criminal information, with felonious child abuse. On the same day, Traylor signed a waiver of indictment for the felonious-child-abuse charge and pleaded guilty to both felonious child abuse and culpable-negligence manslaughter.
¶4. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. When reviewing a circuit court’s denial of a motion for post-conviction relief, factual findings will not be disturbed unless they are clearly erroneous. Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008). However, questions of law are reviewed de novo. Id.

1. Double Jeopardy

¶ 6. Traylor contends that his plea upon criminal information to felonious child abuse constitutes double jeopardy. The Fifth Amendment to the United States Constitution states: “No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb.” The Mississippi Constitution contains a similar prohibition: “No person’s life or liberty shall be twice placed in jeopardy for the same offense.... ” Miss. Const, art. 3, § 22. “The double-jeopardy clause affords ... protection from multiple punishments for the same offense.” Foreman v. State, 51 So.3d 957, 960 (¶8) (Miss.2011) (quoting Graves v. State, 969 So.2d 845, 847 (¶ 7) (Miss.2007)). In determining whether a defendant has been subjected to double jeopardy, an appellate court applies the test announced in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Blockburger test requires that “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” Id.
¶ 7. Traylor pleaded guilty to culpable-negligence manslaughter and felonious child abuse following the death of his three-month-old son. The charges stemmed from two separate and distinct criminal acts — starving his son to death and breaking his son’s femur. Therefore, a double-jeopardy analysis under Block-burger is unnecessary. “Double jeopardy protects criminal defendants from being exposed to more than one prosecution for *533 the same offense. It does.not protect a defendant against different prosecutions for different offenses.” Tapper v. State, 47 So.3d 95, 103 (¶ 30) (Miss.2010) (quoting Wright v. State, 540 So.2d 1, 5 (Miss.1989)). This issue is without merit.

2. Ineffective Assistance of Counsel

¶ 8. Traylor argues that he received ineffective assistance of counsel because his attorney allowed him to plead guilty to two charges stemming from the same crime. To succeed in a challenge to the effectiveness of counsel, Traylor must prove that his counsel was deficient and that this deficiency prejudiced him. Doss v. State, 19 So.3d 690, 694-95 (¶7) (Miss.2009) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Both prongs must be pleaded with specific detail. Coleman v. State, 749 So.2d 1003, 1012 (¶ 26) (Miss.1999). In the context of PCR cases, specificity requires more than a party’s own affidavit or mere assertions made within his brief. Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 9. As discussed above, Traylor was not subjected to double jeopardy; therefore, his argument that he received ineffective assistance of counsel because his attorney allowed him to plead guilty to culpable-negligence manslaughter and felonious child abuse is without merit. Traylor makes no other complaints regarding his attorney’s representation and has failed to otherwise demonstrate that his attorney’s representation was deficient. In fact, during his plea hearing, he stated under oath that he was satisfied with his attorney’s representation. As such, this issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.