BARNES, J.,
for the Court:
¶ 1. On August 5, 1994, Bobby Earl Wilson Jr. pleaded guilty to auto burglary in the Warren County Circuit Court. He received a suspended sentence of five years and was ordered to serve probation during that five years. Wilson was charged with attempted grand larceny a few months later, and his suspended sentence was revoked on August 8, 1995. He was remanded into the custody of the Mississippi Department of Corrections (MDOC) and received credit for time served in county jail. The notice of criminal disposition dated September 19, 1995, listed his jail-time credit as 118 days. Wilson was discharged from custody on August 1, 1997. Wilson was convicted of bank robbery on December 15, 2004, and his 1994 auto burglary conviction was used to enhance his sentence to life without parole.
¶ 2. In 2010, Wilson requested copies of the sentencing orders, and a notice of criminal disposition dated July 21, 2010, listed his time-served credit as 188 days. Unlike the prior disposition, credit was given for time served prior the entry of his guilty plea for the 1994 conviction. As a result, Wilson filed a complaint regarding the error in computation through the MDOC’s Administrative Remedy Program (ARP). In the “First Step Response” dated November 30, 2010, the MDOC noted that Wilson was no longer serving the sentence and any “credit” he qualified for could not be applied to his new sentence. Thus, his discharge certificate for the 1994 conviction could not be voided. Wilson canceled the ARP complaint at that point.
¶ 3. Wilson filed an “Application for Writ of Habeas Corpus” with the Sunflower County Circuit Court on April 11, 2011, arguing that he was given more credit for time served than he was due.[1] He claims that this error resulted in an early release from custody and deprived him of the opportunity to file a motion for post-conviction relief (PCR) for his 1994 conviction, which would have alleged ineffective assistance of counsel. See Miss.Code Ann. § 99-39-5(2) (Supp.2012) (A petitioner who pleads guilty must file a PCR motion within three years after the entry of the judgment of conviction.). On January 18, 2012, a prehearing conference was held. At the hearing, the circuit court concluded that Wilson’s application was a PCR motion and dismissed it as being time-barred, as it was filed thirteen years after the entry of judgment. The circuit court issued its opinion and order on February 3, 2012.
¶4. In the meantime, Wilson again attempted to pursue the issue through the ARP. A “Second Step Response” form, dated August 5, 2011, stated that Wilson received an in-person interview and was told that a circuit judge would have to issue an amended order to have his file corrected. He was given permission at that point to seek judicial review of the MDOC’s decision. However, . there is nothing in the record to reflect that Wilson submitted his second MDOC ARP review *91 to the circuit court until after the court had issued its opinion and order.
¶ 5. Wilson filed a motion to reconsider the Sunflower County Circuit Court’s judgment, arguing his application for writ was not a PCR motion, as he was not attacking his conviction or sentence; rather, he was merely trying to have his computation of time corrected through the ARP. The circuit court denied the motion, noting that Wilson was required to seek judicial review of an ARP decision within thirty days and that Wilson filed his application for writ four months after the MDOC’s November 30, 2010 decision. The circuit court subsequently reiterated this holding in its denial of Wilson’s “Motion for Relief from Opinions and Orders” that he filed on June 20, 2012. The circuit court also noted in the order dated July 6, 2012, that Wilson had already been allowed to proceed with his appeal to the Mississippi Supreme Court bn June 5, 2012. Wilson also filed a motion to amend the record on July 10, 2012, which was denied.
¶ 6. Wilson appeals the circuit court’s dismissal of his motions. Upon review, we find no error and affirm.
STANDARD OF REVIEW
¶ 7. A circuit court’s dismissal of a PCR motion will not be disturbed on appeal “unless the decision is clearly erroneous.” Watson v. State, 100 So.3d 1034, 1036 (¶ 3) (Miss.Ct.App.2012) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). “For issues involving questions of law, the applicable standard of review is de novo.” Id.
DISCUSSION
I. Whether the circuit court erred in treating Wilson’s petition for writ of habeas corpus as a PCR motion.
¶ 8. Wilson contends that the circuit court erred in treating his application for writ as a PCR motion. This argument is based on his claim that he tried to obtain administrative review of whether the computation of his jail-time credit was erroneous. Wilson is correct in one respect: issues concerning the MDOC’s computation of a prisoner’s sentence are to be addressed through the MDOC’s administrative-review process. See Guy v. State, 915 So.2d 508, 510 (¶ 5) (Miss.Ct.App.2005). However, it is evident from the pleadings that Wilson’s argument — that his time was erroneously computed — is merely an attempt to assert his claim that the computation error prevented him from attacking his 1994 conviction and sentence through post-conviction relief proceedings. Accordingly, we find no error in the circuit court treating Wilson’s application as a PCR motion.
II. Whether the circuit court erred in dismissing Wilson’s PCR motion.
¶ 9. In dismissing Wilson’s motion, the circuit judge stated:
Um-hum. Well I’m going to agree with the State. The time has run on it. Even in the earlier trial where you said — when they were relying on and introduced into' evidence the auto burglary conviction, that was again another opportunity to raise that issue, but this many years after it, I’m afraid the time has run on that.
Mississippi Code Annotated section 99-39-5(2) provides a three-year statute of limitations for the filing of a PCR motion, barring exceptions, none of which apply to Wilson’s motion. We find no error in the circuit court’s holding that Wilson’s motion was untimely filed and procedurally barred. Wilson pleaded guilty in 1994; his motion was filed thirteen years later.
¶ 10. Wilson previously brought this argument — that the computation error *92 caused him to be released before he could file a timely PCR motion — before this Court in Wilson v. State, 76 So.3d 733 (Miss.Ct.App.2011), and we found no merit to his claim. In that case, Wilson had filed a “Motion to Amend Petition for a Writ of Coram Nobis” with the Warren County-Circuit Court, where the 1994 auto-burglary conviction originated. As some of our analysis in that case is applicable to the present appeal, we reiterate our holding:
Wilson contends that he received credit for time served in the county jail to which he was hot entitled; therefore, he was released from custody before he could seek post-conviction relief from the 1994 conviction.
[[Image here]]
It is clear from the record that Wilson has attempted to challenge his 1994 conviction in an effort to invalidate his life sentence. However, Wilson lacks standing to challenge the 1994 conviction because he is no longer incarcerated or on parole or probation for that conviction. Because Wilson lacks standing to bring his motion, this Court need not address the merits of Wilson’s claims that he received ineffective assistance of counsel and that his guilty plea was involuntary.
Id. at 736 (¶¶ 12-13).[2]
¶ 11. Accordingly, we find the circuit court did not err in dismissing Wilson’s PCR motion. Additionally, since Wilson has filed multiple PCR motions, his motion is also barred as a successive writ. See Miss.Code Ann. § 99-39-23(6) (Supp.2012). Wilson’s remaining issues concerning his PCR motion and his subsequent motions to reconsider the judgment and amend the record are rendered moot by our decision.
1112. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, FAIR AND JAMES, JJ„ CONCUR. IRVING, P.J, AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT. CARLTON, J., CONCURS IN RESULT ONLY.

. Although the conviction originated in Warren County, Mississippi, Wilson filed the petition for writ for habeas corpus in Sunflower County where he is currently in custody.

. See also Wilson v. State, 990 So.2d 828, 829-30 (¶¶ 2, 6-7) (Miss.Ct.App.2008) (affirming the circuit court’s dismissal due to Wilson's PCR motion being time-barred and additionally finding that Wilson lacked standing to challenge his 1994 conviction since he was no longer in custody for the conviction).