# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00708-COA

SAMUEL LEE THOMAS A/K/A SAMUEL THOMAS                    APPELLANT

v.

STATE OF MISSISSIPPI                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2014 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL LEE THOMAS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 04/14/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT**:

¶1.     Samuel Lee Thomas, proceeding pro se, filed a motion for post-conviction relief (PCR), asserting that his convictions violated his right to be protected from double jeopardy, thereby rendering his sentences illegal and excepting his PCR motion from the procedural time-bar. The Harrison County Circuit Court dismissed the motion. Feeling aggrieved, Thomas now appeals.

¶2.     Finding no error, we affirm.

FACTS

¶3.    Thomas was indicted for two counts of burglary.   Count I of the multi-count
indictment stated that Thomas, a habitual offender, on or about October 20, 2007,

> did willfully, unlawfully, feloniously and burglariously break and enter a
> certain building known as Spee Dee Oil Change, located at 301 Pass Road,
> Gulfport, Mississippi, the property of Carl Necaise, d/b/a/ Spee Dee Oil
> Change, wherein there were kept good[s], merchandise, or valuable things for
> use, sale, deposit, or transportation, with the intent to steal therein, contrary to
> the form of the statute in such cases made and provided, and against the peace
> and dignity of the State of Mississippi.

Count II stated that Thomas

> did willfully, unlawfully, feloniously and burglariously break and enter a
> certain automobile commonly known as one (1) 1982 Buick Regal automobile,
> green in color, MS tag #396HWQ, the property of Deondra Jones, wherein
> there were kept good[s], merchandise or valuable things for use, sale, deposit
> or transportation, with the intent to steal therein, contrary to the form of the
> statute in such cases made and provided, and against the peace and dignity of
> the State of Mississippi.

¶4.    On April 13, 2009, during his guilty-plea hearing, Thomas admitted to breaking and
entering into the Spee Dee Oil Change (Spee Dee) and stealing tires, as well as breaking and
entering an automobile located within the Spee Dee facility and stealing speakers and
compact discs (CDs).  Thomas pleaded guilty, and the circuit court sentenced him, as a
habitual offender, to five years on each count, with the sentences to run consecutively.[1]  On
December 27, 2012, Thomas filed a PCR motion with the circuit  court, alleging that his

---

[1] According to the record, Thomas was charged with several offenses, but in
exchange for the guilty plea on the two counts of burglary, the State did not prosecute the
remaining charges.

sentences were illegal. The circuit court initially dismissed Thomas's motion as being time-barred. However, upon its own reconsideration, the circuit court set aside the dismissal and asked the State to respond to the allegations in Thomas's PCR motion. After the State's response, the circuit court dismissed the motion, finding that Thomas's motion was indeed procedurally barred because he had pleaded guilty to, and had been sentenced for, two separate offenses—burglary of a building and burglary of an automobile. Therefore, according to the circuit court, Thomas's sentences were not violative of the Double Jeopardy Clause.

## DISCUSSION

¶5. Generally, in a case of a guilty plea, a PCR motion shall be made "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Supp. 2014). However, the Mississippi Supreme Court has held that "errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration." *Jones v. State,* 881 So. 2d 351, 353 (¶11) (Miss. Ct. App. 2004) (citing *Ivy v. State*, 731 So. 2d 601, 603 (¶13) (Miss. 1999)). The supreme court also has stated that a valid double-jeopardy claim is not subject to the procedural bars of the Uniformed Post-Conviction Collateral Relief Act. *See Rowland v. State*, 42 So. 3d 503 (¶6) (Miss. 2010). "The burden falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)).

3

¶6. Here, Thomas argues that he was punished twice for the same offense because he was convicted of two counts of burglary, but he only committed burglary at one location. Specifically, he argues that because the Buick Regal automobile was located within the Spee Dee building, there was only one act of burglary. "Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001).

¶7. In *Traylor v. State*, 72 So. 3d 531, 532 (¶6) (Miss. Ct. App. 2011) (internal citation omitted), this Court explained that

> [i]n determining whether a defendant has been subjected to double jeopardy, an appellate court applies the test announced in *Blockburger v. United States*, 285 U.S. 299 (1932). The *Blockburger* test requires that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

¶8. As noted by the circuit court, Thomas was charged for two separate burglaries – business burglary and burglary of an automobile – which require different evidence to prove the elements for each count. For Thomas to be convicted of Count I, the State would have to show that he broke and entered into Spee Dee with the intent to steal, and for Count II, the State would have to show that he broke and entered into Jones's automobile with the intent to steal. It matters not that the automobile was located inside Spee Dee, which is owned by Carl Necaise, because the Buick Regal was owned by Deondra Jones, a different victim. In

4

addition to stealing items from the building itself, Thomas admittedly broke into the car and stole CDs and speakers from the car. Conviction for the burglary of Spee Dee requires proof of a fact which is not required for conviction of the burglary of Deondra's car. Therefore, we agree with the circuit court that Thomas's conviction and sentence for both burglaries does not violate the Double Jeopardy Clause. It follows then that the circuit court also was correct in finding that Thomas failed to overcome the procedural bar.

¶9. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**