# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00412-COA

BOBBY E. WILSON JR. A/K/A BOBBY                  APPELLANT
WILSON JR.

v.

STATE OF MISSISSIPPI                                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/05/2019 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY E. WILSON JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/12/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### TINDELL, J., FOR THE COURT:

¶1. Bobby Wilson Jr. filed a "Motion for Relief from Judgment" under Mississippi Rule of Civil Procedure 60(b)(1), which the Warren County Circuit Court treated as a motion for post-conviction collateral relief (PCR). The circuit court summarily dismissed Wilson's motion as successive-writ barred, time-barred, and frivolous. On appeal, Wilson argues the circuit court erred by (1) treating his filing as a PCR motion and (2) dismissing the motion as successive, time-barred, and frivolous.[1] Finding no error, we affirm the circuit court's

---

[1] On March 5, 2020, Wilson filed a motion to show cause, and on April 23, 2020, he filed an "attachment" to his show-cause motion. In his March 5, 2020 show-cause motion, Wilson argued that he has standing to challenge a 1994 auto-burglary conviction even

judgment.

## FACTS

¶2. Wilson pled guilty to auto burglary in 1994. *Wilson v. Miss. Dep't of Corr.*, 125 So. 3d 89, 90 (¶1) (Miss. Ct. App. 2013). "He received a suspended sentence of five years and was ordered to serve probation during that five years." *Id.* The circuit court revoked Wilson's suspended sentence in 1995 after Wilson was charged with attempted grand larceny. *Id.* Wilson "was remanded into the custody of the Mississippi Department of Corrections" and was later discharged from custody on August 1, 1997. *Id.* In 2004, Wilson was convicted of bank robbery, and the State used his 1994 auto-burglary conviction to enhance his sentence to life imprisonment without eligibility for parole. *Id.*[2]

---

though he has finished serving that sentence. In his "attachment" to the show-cause motion, Wilson reiterated his standing argument and then asserted for the first time that his 1994 auto-burglary indictment failed to charge an essential element of the crime.

We acknowledge that the Mississippi Supreme Court's decision in *Howell v. State*, 283 So. 3d 1100, 1105 (¶18) (Miss. 2019), held that PCR movants such as Wilson possess standing to challenge their sentences even if they are no longer serving the sentence addressed in their motion. Thus, we agree that based on *Howell*, Wilson has standing to challenge his 1994 conviction through his PCR motion.

We further recognize, however, that Mississippi Rule of Appellate Procedure 28(d) provides that after an appellant has filed his reply brief, "[n]o further briefs may be filed except with leave of the Court." In both his show-cause motion and the subsequent "attachment," Wilson attempts to raise new substantive claims without requesting or receiving the proper permission to do so. We therefore deny the relief requested in Wilson's show-cause motion and "attachment," and for the reasons set forth in this opinion, we affirm the circuit court's dismissal of Wilson's current PCR motion.

[2] In 1999, Wilson pled guilty in federal court to two counts of bank robbery and received a concurrent seventy-month sentence for each count, with both sentences ordered to be served in federal prison. *Wilson v. State*, 76 So. 3d 733, 734 (¶4) (Miss. Ct. App. 2011), *superseded on other grounds by statute as discussed in Jackson v. State*, 287 So. 3d 1060, 1061-62 (¶¶6-8) (Miss. Ct. App. 2019). In 2004, the State used both Wilson's 1994 and 1999 convictions as the basis for his habitual-offender status.

¶3. In 2011, "Wilson filed an 'Application for Writ of Habeas Corpus' with the Sunflower County Circuit Court . . . ." *Id.* at (¶3). "[T]he circuit court concluded that Wilson's application was a PCR motion and dismissed it as being time-barred, as it was filed thirteen years after the entry of judgment." *Id.* Wilson filed an unsuccessful motion to reconsider in which he argued that his application was not actually a PCR motion. *Id.* at 91 (¶5). On appeal, this Court held that the circuit court properly treated Wilson's application as a PCR motion. *Id.* at (¶8). We found no error in the circuit court's dismissal of Wilson's PCR motion as time-barred because Wilson had pled guilty in 1994 and had filed his PCR motion thirteen years later. *Id.* at (¶9). We further noted that Wilson had filed multiple prior PCR motions and that his current PCR motion was therefore also successive-writ barred. *Id.* at 92 (¶11). Accordingly, this Court affirmed the circuit court's dismissal of Wilson's 2011 PCR motion. *Id.* at (¶12).

¶4. On February 1, 2019, Wilson filed a "Motion for Relief from Judgment" under Rule 60(b)(1). In the motion, Wilson stated that he sought to have the judgment of his 1994 auto-burglary conviction vacated because the State had "committed fraud upon the court . . . ." According to Wilson, he was initially charged by sworn affidavit with attempted grand larceny of an automobile but was later charged by a sworn bill of information with auto burglary, to which he pled guilty. In his 2019 "Motion for Relief from Judgment," Wilson claimed that these facts showed the State had "omitted and with[h]eld critical facts from the Vicksburg Police Department['s] investigation that would have exonerated [him] from the crime of burglary of an automobile." The circuit court treated Wilson's filing as a PCR

3

motion. After finding that the 2019 motion was successive, time-barred, and frivolous, the circuit court summarily dismissed it. Aggrieved, Wilson appeals.

## STANDARD OF REVIEW

¶5. "This Court reviews a circuit court's dismissal of a PCR motion for abuse of discretion." *Jackson v. State*, 287 So. 3d 1060, 1061 (¶5) (Miss. Ct. App. 2019). We leave the circuit court's factual findings undisturbed "unless they are clearly erroneous." *Id.* We review questions of law de novo. *Id.*

## DISCUSSION

¶6. On appeal, Wilson argues the circuit court erroneously treated his "Motion for Relief from Judgment" as a PCR motion. As discussed, in his 2019 motion, Wilson claimed the State had committed a fraud upon the court in 1994 with regard to the auto-burglary charge to which he pled guilty, and he therefore sought to have the judgment of the 1994 auto-burglary conviction vacated. In its appellate brief, the State contends this motion constituted a collateral attack on Wilson's 1994 judgment of conviction and that the circuit court therefore properly treated the 2019 motion as a PCR filing.

¶7. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) is the "exclusive . . . procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2015). The UPCCRA "provide[s] prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues[,] or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." *Id.* § 99-39-3(2). "A pleading cognizable under the UPCCRA will be treated as a

4

PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Copple v. State*, 196 So. 3d 189, 191-92 (¶8) (Miss. Ct. App. 2016) (quoting *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011)).

¶8. In *Sanders v. State*, 149 So. 3d 541, 543 (¶4) (Miss. Ct. App. 2014), this Court addressed Emanuel Sanders's argument that the circuit court had incorrectly treated his Rule 60(b)(6) motion for relief from the judgment as a PCR motion. We noted in *Sanders* that "Rule 60(b) motions are [reserved] for 'extraordinary and compelling circumstances'" and "should be denied where they are merely an attempt to relitigate the case." *Id.* at (¶5) (quoting *S. Healthcare Servs. Inc. v. Lloyd's of London*, 110 So. 3d 735, 742 (¶14) (Miss. 2013)). After finding that Sanders had previously filed an unsuccessful PCR motion and that the "underlying argument [in his current motion] attacked the judgment of his convictions and sentences[,]" we concluded "that Sanders's filing of a Rule 60(b) motion [was] nothing more than an attempt to relitigate the case or substitute the appeal of his first [unsuccessful] PCR motion." *Id.* at (¶6). We therefore found no abuse of discretion in the circuit court's treatment of Sanders's filing as a PCR motion. *Id.*

¶9. Likewise, in the present case, we find that the argument asserted in Wilson's purported Rule 60(b) motion sought to attack the judgment of his 1994 conviction and that his motion served as nothing more than an attempt to relitigate the underlying merits of the charge to which he had previously pled guilty. Because Rule 60(b) is not an appropriate avenue for seeking relief from a criminal judgment, we find the circuit court properly treated

5

Wilson's "Motion for Relief from Judgment" as a PCR motion.

¶10.    Having concluded that the circuit court correctly treated Wilson's subject motion as one seeking PCR, we next address Wilson's assertion that the circuit court erroneously dismissed his PCR motion as procedurally barred.  In the case of a guilty plea, Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) requires a movant to file a PCR motion within three years after the entry of a judgment of conviction.  Wilson filed his current PCR motion in 2019, almost twenty-five years after the circuit court entered his 1994 judgment of conviction for auto burglary.  Thus, Wilson's current motion is clearly time-barred.  In addition, Wilson has previously filed multiple unsuccessful PCR motions.  *Wilson*, 125 So. 3d at 92 (¶11).  Accordingly, his current PCR motion is also barred as successive.  *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) ("[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.").  While errors affecting fundamental constitutional rights are excepted from the UPCCRA's procedural bars, Wilson has not raised—much less proved—any such exceptions.[3]  We therefore find

---

[3] With regard to the fundamental-rights exceptions to the UPCCRA's procedural bars, this Court has previously stated:

> The following fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws.  Our caselaw also recognizes that, in limited circumstances, a claim for ineffective assistance might satisfy the requirement for finding a violation of a fundamental constitutional right.  But merely asserting a violation of a constitutional right or a claim of ineffective assistance fails to qualify for an exception to a procedural bar.  Instead, the movant must show that there is some basis of

6

no error in the circuit court's determination that Wilson's current PCR motion was successive-writ barred, time-barred, and frivolous.

## CONCLUSION

¶11.    Because Wilson's current PCR motion is procedurally barred as untimely and successive, and because Wilson fails to demonstrate that an exception to the procedural bars applies, we affirm the circuit court's judgment summarily dismissing his current PCR motion.

¶12.    **AFFIRMED.**

BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.

---

truth for his claim.

*Hayes v. State*, 282 So. 3d 1185, 1188 (¶9) (Miss. Ct. App. 2019) (citations and internal quotation marks omitted).