# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01050-COA

**BOBBY WILSON, JR. A/K/A BOBBY E. WILSON, JR.**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

DATE OF JUDGMENT:                 09/01/2023
TRIAL JUDGE:                      HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:        WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           BOBBY WILSON JR. (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 02/04/2025
MOTION FOR REHEARING FILED:

### BEFORE BARNES, C.J., McDONALD AND EMFINGER, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.    On March 6, 2023, Bobby Wilson Jr. filed a motion for post-conviction relief (PCR),

seeking for the sixth time to attack collaterally his 1994 guilty plea for attempted automobile

burglary, for which he received a suspended five-year sentence.[1]  In his subsequent motion

to amend his PCR motion, Wilson claimed that there was no factual basis for the charge, that

---

[1] *See Wilson v. State* ("*Wilson V*"), 338 So. 3d 623 (Miss. Ct. App. 2021); *Wilson v. State*, 301 So. 3d 727 (Miss. Ct. App. 2020); *Wilson v. State Dept. of Corr.*, 125 So. 3d 89 (Miss. Ct. App. 2013); *Wilson v. State*, 76 So. 3d 733 (Miss. Ct. App. 2011); and *Wilson v. State*, 990 So. 2d 828 (Miss. Ct. App. 2008).  Wilson is currently serving a life sentence in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender. *Wilson V*, 338 So. 3d at 625 (¶1).  Wilson's 1994 conviction and his subsequent 1999 convictions for bank robbery served "as the basis for his habitual-offender status." *Wilson*, 301 So. 3d at 728 n.2.

he "was innocent of the crime of auto burglary," and that his guilty plea was not voluntary.

¶2. On September 1, 2023, the Warren County Circuit Court entered an order denying Wilson's "Motion to Amend and all other accompanying motions" as "frivolous, successive, time-barred, and barred by res judicata." Noting Wilson's numerous prior PCR pleadings filed from 2007 to 2020, the circuit court "restricted [Wilson] from filing further pleadings in forma pauperis that are related to the instant [1994] conviction."

¶3. Wilson appeals from the court's order. We find no error and affirm.

## STANDARD OF REVIEW

¶4. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Camphor v. State*, 339 So. 3d 205, 206-07 (¶3) (Miss. Ct. App. 2022) (quoting *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018)).

## DISCUSSION

¶5. As this Court noted in Wilson's last appeal, "Wilson has repeatedly challenged his 1994 conviction by filing numerous PCR motions beginning in June 2007, and the trial court has dismissed or denied each motion." *Wilson V*, 338 So. 3d at 627 (¶10). Thus, we find the circuit court correctly ruled that Wilson's PCR motion was untimely and successive. *See* Miss. Code Ann. §§ 99-39-5(2), 99-39-23(6) (Rev. 2020).

¶6. We also find no error in the court's determination that Wilson's PCR motion was barred by res judicata. In *Wilson V*, he argued that his defense counsel was ineffective for

2

failing "to inform the circuit court that the State lacked a sufficient factual basis to support a burglary conviction because Wilson lacked intent to steal any property within the automobile." *Wilson V*, 338 So. 3d at 626 (¶7). As we noted in that opinion, the transcript of the August 5, 1994 plea hearing shows that Wilson freely and voluntarily admitted to the charge of attempted auto burglary:

> Q. You are charged with on or about June 28th, willfully, unlawfully. and feloniously and burglariously breaking and entering a car or truck of Jason Dare with *the intent to steal and carry away goods*, chattels and personal property located in that vehicle. Do you understand that's the charge against you?
>
> A. Yes, sir.
>
> . . . .
>
> Q. I'm going to ask you, Mr. Wilson, did you commit that crime?
>
> A. Yes, sir.

*Id*. at 628 (¶14) (emphasis added). This Court has recognized, "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Watkins v. State*, 360 So. 3d 664, 670 (¶12) (Miss. Ct. App. 2023). We have previously addressed the issue of whether there was a factual basis to support the conviction in our prior decision and found Wilson's contentions to be without merit.

¶7. Wilson also asserts that he was innocent. At the plea hearing, the circuit court judge imposed a $2,000 fine and remarked to Wilson, "You sure weren't going to get $2,000 out of that car, were you?" Wilson agreed by responding, "No, sir." Wilson argues that this

3

exchange was proof that he did not intend to steal anything of value from the car. Again, this Court has already addressed this argument in our prior opinion.

¶8. In *Adams v. State*, 954 So. 2d 1051 (Miss. Ct. App. 2007), our Court addressed a PCR movant's argument "that his PCR should be excepted from the time bar because it raised . . . a meritorious claim of actual innocence." *Id.* at 1053 (¶8). We explained:

> A post-conviction relief petitioner's contention that his actual innocence excepted his claim from the procedural bar was rejected in *Howard v. State*, 945 So. 2d 326, 369 (¶95) (Miss. 2006). In *Howard*, the petitioner relied upon federal case law concerning the actual innocence exception to the procedural bar in successive, abusive, or defaulted habeas claims. *Id.* The supreme court held that, even if federal habeas case law on actual innocence applied to Howard's PCR, Howard had failed to prove his actual innocence. *Id.*
>
> Similarly in this case, even if the federal standard applied, Adams has failed to meet the requirement of a demonstration that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Trotter v. State*, 907 So. 2d 397, 401 (¶12) (Miss. Ct. App. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Because Wilson admitted to the elements of the crime as charged, which included the intent to steal, we conclude that his claim of actual innocence is without merit and that his PCR motion is not excepted from any statutory bars.

¶9. Finally, we find no error in the circuit court's restricting Wilson from "filing any further pleadings in forma pauperis" related to his 1994 conviction because Wilson's motion was frivolous. In *Williams v. State*, 98 So. 3d 484, 489 (¶19) (Miss. Ct. App. 2012), we held that if a pro se litigant "persists in filing facially frivolous post-conviction pleadings, as an appropriate sanction, a circuit court judge may well be justified in denying [his] request for in forma pauperis status." *See also Turner v. State*, 364 So. 3d 601, 601 (Miss. 2021) (en

4

banc order) (finding pro se litigant's fifth motion for leave to file PCR motion frivolous and warning "that future filings deemed frivolous may result not only in monetary sanctions but also in restrictions on filing applications for post-conviction collateral relief [or pleadings in that nature] in forma pauperis"); *Ivy v. State*, 688 So. 2d 223, 224 (Miss. 1997) (recognizing a trial court's "power to deal with frivolous filings," which include "monetary sanctions as well as appropriate restrictions on future filings").[2]

¶10.    Accordingly, we affirm the circuit court's order.

¶11.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**

---

[2] The Mississippi Supreme Court has also restricted Wilson from further filings related to his robbery conviction. *See* Order, *Wilson v. State*, No. 2020-M-00699 (Miss. Feb. 26, 2021).